CEBRELLI v. CHURCH CONST. CO.

(Supreme Court, Appellate Term.   November 18, 1903.)

1. NEGLIGENT BLASTING—EVIDENCE.
  Where plaintiff contracted with defendant to do certain blasting according to the laws of the city of New York, and, in an action by plaintiff for the agreed compensation for the work, defendant alleged by way of counterclaim that, in blasting for an extension to a church, plaintiff did the work in such an improper and careless manner that a wall of

the church was damaged, and defendant was compelled to tear down and rebuild it, evidence as to the weight of the blasting charges used, the preparation of the holes for the charge, the weight put upon the blasts, and the effect of the blasts upon the wall of the church, was competent.

Appeal from City Court of New York, Trial Term.

Action by Antonio Cebrelli against the Church Construction Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Wakelee & Davison, for appellant.

Sigmund Wechsler, for respondent.

FREEDMAN, P. J.   The parties entered into the following contract in writing:

"New York, December 31, 1902.

"Mr. Antonio Cebrelli, New York City—Dear Sir:   We accept your proposal of the 27th instant for drilling and blasting according to the laws of the City of New York for the sum of $1.50 per cubic yard; remaining surplus material for $1.00 per load; sand $2.50 per load of two yards; broken stone $2.50 per load of two yards; rubble stone, four cents per cubic foot measured in the wall.

"Your proposal is accepted upon condition that you do not delay our work, and that the above is executed with due dispatch.

"Yours very truly,          Church Construction Company,
                    "By J. M. Van Name,
                        "General Manager."

There is practically no dispute but that the plaintiff drilled, blasted, and removed dirt, etc., and furnished sand and stone, to the amount of $1,533.50, at the agreed prices, and that the defendant paid to apply thereon $784.50.   The defendant, however, set up as a counterclaim that the blasting and drilling to be done by the plaintiff were in connection with the building of an extension of a church situated in 166th street, which extension defendant had contracted to build; that by reason of the negligent, improper, unskillful, and careless manner—and in violation of the ordinances of the city—in which blasting was done, the rear wall of the church was damaged, and defendant was compelled thereby to tear down and rebuild said rear wall, to its damage of $1,600.   There was testimony introduced on the part of the defendant from which the jury would have been justified in finding that the work done by the plaintiff was not done in accordance with the ordinances of the city of New York in force at the time, and competent and material evidence as to the size and weight of the blasting charges used by plaintiff, the preparation of the holes for the charges, the weight put upon the blasts, and the effects of the blasts upon the walls of the church, was excluded by the court, upon objection by the plaintiff's counsel, and exception taken to the rulings by the defendant's counsel.   Had the excluded testimony been admitted, there would have been a question of fact for the consideration of the jury upon the question of plaintiff's negligence, and a new trial must be granted.

Judgment reversed.   New trial ordered, with costs to the appellant to abide the event.   All concur.